ERNEST B. WINTROUB, APPELLANT, V. ABRAHAM CATERING SERVICE, APPELLEE.

183 N. W. 2d 741

Filed February 19, 1971. No. 37624.

Foulks, Wall & Wintroub and David J. Cullan, for appellant.

Cassem, Tierney, Adams & Henatsch and Stephen A. Davis, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

The plaintiff, Ernest B. Wintroub, fractured a tooth when he bit down on an olive pit while eating Steak Diane at a friend's home on January 13, 1968. The food had been prepared and furnished by the defendant, Abraham Catering Service. This action was brought to recover the damages sustained by the plaintiff as a result of the injury.

The jury returned a verdict for the defendant and the plaintiff has appealed. The only question presented is whether the evidence sustains the verdict and judgment for the defendant.

The plaintiff was attending a cocktail supper in honor of his friend's birthday. The food was served from a buffet table. At the north end of the table there was a relish tray containing celery, carrots, radishes, onions, olives, pickled crab apples, and pickled pears. The olives were unpitted green olives. Other food was arranged along the table and at the south end of the table Clyde White, an employee of the defendant, was preparing Steak Diane by frying small portions of steak in a chafing dish. At the end of the table, to the left of White, there was a chafing dish containing the Diane Sauce.

The guests served themselves at the buffet table except for the steak which was placed on their plates by White. There was a serving spoon or ladle in the dish containing the Diane Sauce and the guests placed the sauce on their plates by themselves.

The sauce had been prepared that day by George

Abraham at the defendant's catering kitchen. The sauce consisted of diced vegetables fried in butter with seasoning. Olives were not an ingredient of the sauce and no olives or pits were placed in the sauce during its preparation. The sauce was placed in a container and covered with aluminum foil and a lid. It was delivered by the defendant to the residence where the party was held early that evening. A part of the sauce was then placed in a chafing dish to be heated. As the sauce in the chafing dish was used, the supply was replenished by White from the container in which the sauce had been delivered.

The plaintiff arrived at the party at about 9:30 p.m. He went to the buffet table at about 11:30 p.m. He obtained a plate and was served two or three pieces of steak by White. The plaintiff then placed 2 or 3 spoonfuls of the sauce on his plate by himself. He took no olives or other food except the steak and sauce, and possibly a roll. He then found a place to sit down and commenced to eat. On about the third bite, he bit into the olive pit and injured his tooth. The plaintiff described the pit as a black olive pit, probably the length of a dime, with no meat on it.

The action was brought upon the theory of breach of warranty. The doctrine was held applicable to a restaurant operator in Zorinsky v. American Legion, 163 Neb. 212, 79 N. W. 2d 172, and is equally applicable to a caterer under similar circumstances.

The plaintiff's theory of the case is that the olive pit was in the meat sauce at the time he placed the sauce on his plate and that the meat sauce had been at all times in the exclusive possession and control of the defendant or its employees. This is the basic issue in the case. The plaintiff was required to prove that the olive pit was in the sauce at the time it left the exclusive possession and control of the defendant.

There is no direct evidence as to when or how the olive pit entered the sauce. The plaintiff's evidence

supports an inference that the olive pit was in the sauce at the time it was placed on his plate. The defendant's evidence supports an inference that the olive pit entered the sauce sometime after it was placed in the chafing dish on the buffet table.

White testified that he observed some of the women "nipping" on the olives as they went through the serving line, and that they placed the pits on their plates. It is possible that an olive pit may have rolled off the plate of a guest into the dish containing the sauce, and thus have found its way into the sauce without the defendant being responsible.

We think that it would be too strict a rule to hold the defendant liable as a matter of law for any accidental contamination of the food that might have occurred after the guests had commenced serving themselves at the buffet table. This is not a case where the food was in a sealed container until just before being served, as in Asher v. Coca Cola Bottling Co., 172 Neb. 855, 112 N. W. 2d 252, or where the food was served to the guest by the defendant as in Zorinsky v. American Legion, *supra.*

In this case the jury could find that the food which was supplied by the defendant, other than the steak which was being prepared by White, was not under the defendant's exclusive supervision and control after it was placed on the buffet table. As we view the record, the jury was not required to return a verdict in favor of the plaintiff in this case. We conclude that the evidence is sufficient to sustain the verdict and judgment for the defendant.

The judgment of the district court is affirmed.

AFFIRMED.